OPINION
On May 18, 1984, appellee, Jack Snider, together with his late wife, Hazel Snider, entered into a land installment contract to sell their daughter, appellant, Grace Reed, property located at 3154 Lakewood Drive, Zanesville, Ohio. Appellant was to pay appellee $20,000, transfer her interest in another property worth $17,000 to appellee, and assume a mortgage on the property in the amount of $25,000. The total purchase price was $62,000. Appellant began making monthly mortgage payments on the property. She also transferred her interest in the other property to appellee. However, appellant never paid the $20,000 lump sum payment to appellee. Eventually, appellant stopped making the monthly mortgage payment. In August of 1986, appellee sold the Lakewood Drive property to a third party for $64,000. On August 26, 1986, appellee paid appellant $7,000. In September of 1986, appellee gave appellant a promissory note in the amount of $10,000. Appellee made payments on the note and same was completed on November 13, 1992. In November of 1990, appellee conveyed two properties in Bay County, Florida to appellant. In 1996 and 1997, appellee transferred interest in a property located at 1706 Linden Avenue, Zanesville, Ohio to appellee. In 1998, this property was appraised at $37,000 to $38,000. On July 23, 1999, appellant filed a complaint against appellee claiming appellee owed her monies due on two additional outstanding promissory notes in the amount of $10,000 each. A bench trial commenced on May 12, 2000. By decision filed June 12, 2000, the trial court found in favor of appellee and dismissed appellant's complaint. Final judgment was entered on June 26, 2000. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of Error are as follows:
 I. THE TRIAL COURT ERRED IN IGNORING THE JOINT STIPULATIONS THAT THE CONVEYANCE OF THE LINDEN AVENUE PROPERTY IN ZANESVILLE, WAS TO BE CONSIDERED A GIFT AND FURTHER ERRED IN MAKING IT PART OF THE TRANSACTION BETWEEN THE PARTIES.
 II. THE TRIAL COURT ERRED WHEN IT MADE THE DECISION THAT THERE WAS ONLY ONE PROMISSORY NOTE FOR THE DEBT ON THE SALE OF THE LAKEWOOD PROPERTY.
 III. THE TRIAL COURT ERRED BY INCORPORATING IN ITS DECISION, FACTS THAT WERE NOT INTRODUCED INTO EVIDENCE, BUT WERE MERE SPECULATION BY DEFENSE COUNSEL.
Appellant's three assignments of error challenge the trial court's decision on factual issues presented at trial. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. Issues involving the credibility of witnesses are clearly within the sound discretion of the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. It is not within the scope of appellate review to pass on issues of credibility.
 I
Appellant claims the trial court ignored a joint stipulation. We disagree. In the further joint stipulation filed May 11, 2000, the parties agreed "that the conveyances of real property which occurred on December 20, 1996 and January 24, 1997 from Jack Snider to Grace Reed, nka Grace Moats, this property being parcel number 80-85-15-01-09-000 or commonly known as 1706 Linden Avenue, Zanesville, Ohio were intended as gifts." In the trial court's decision filed June 12, 2000, two findings relate to the Linden Avenue property: The Court finds that the evidence fails to show that the defendant would have agreed to pay the plaintiff $37,000.00 for her interest in the Lakewood property after only paying $17,000.00 and a portion of the mortgage payment for 2 years. The defendant would have made $27,000.00 selling the property to his daughter, and no profit from selling the property to a third party, if things occurred as claimed by the plaintiff.
The Court further finds that the plaintiff failed to prove by a preponderance of the evidence that three notes were executed and given to her for this alleged debt. Plaintiff claims that all three notes were prepared and signed at the same time. The notes themselves do not support this, nor does the Court find the testimony of the plaintiff's husband or sister (who has a pending case with this Court where the defendant is the opposing party) compelling on this issue. The more compelling argument is that the defendant would not have given the plaintiff the land in Florida or Zanesville had he still owed his daughter $20,000.00 plus interest on two outstanding notes. Plaintiff claims this was done because it was her mother's wishes, but her mother's will indicates that the land in Zanesville was to go to another daughter, not the plaintiff.
Appellant argues these two conclusions are contrary to the further joint stipulation that the Linden Avenue property was a gift. We disagree. We do not find the trial court's conclusions to be inconsistent with said stipulation given the facts in evidence. The original amount paid on the land contract on the Lakewood Drive property was $20,000 plus assumption of the mortgage (Defendant's Exhibit A). Appellant failed to fulfill her responsibility of making the monthly mortgage payments in 1985. T. at 26, 90. In August of 1986, appellee sold the property to a third party. T. at 10-12. In exchange for relinquishing her rights on the land contract, appellant received $7,000 and at least one promissory note in the amount of $10,000, all of which was paid. T. at 13, 15, 17, 41, 93. Appellant steadfastly maintained that she got three $10,000 promissory notes for the deal. T. at 17. Appellee denied signing three notes. He testified that he signed only one. T. at 95. Using the value of the property exchanged between the parties in lieu of the $20,000 cash payment as required in Defendant's Exhibit A and the $7,000 paid plus the $10,000 promissory note, it is mathematically defensible that the $17,000 total represents a fair payment for relinquishing the land contract. Based upon this assumption, coupled with the trial court's observations on the credibility of appellant and her witnesses, we do not find the trial court erred in its conclusions. The Florida properties were transferred to appellant while appellee was paying on the first promissory note and the Linden Avenue property was transferred to appellant in 1996 after the $10,000 promissory note had been paid in full. T. at 20, 46. There was testimony that appellant complained in 1990 that she was not fully compensated for the land contract deal. T. at 97. This statement was made around the time the two properties in Florida were transferred to appellant. T. at 98-99. Appellant never mentioned the two other promissory notes from 1990 to 1999. T. at 100. Clearly there is sufficient evidence to establish the Florida transfers compensated for any dispute appellant had over the property. We do not find the trial court ignored the further joint stipulation. Assignment of Error I is denied.
 II
Appellant claims the trial court's decision that there was only one promissory note was contrary to the evidence. We disagree. The issue of whether appellee signed three notes instead of one was hotly contested. Appellant claimed there were three notes and presented two of them at trial. T. at 14-16. Appellant never made any demand for payment from 1990 to 1999. T. at 100. Appellee denied signing three notes. T. at 95. In its decision filed June 12, 2000, the trial court made observations about the questionable nature of the notes as follows: The defendant admits that it is his signature on both notes admitted into evidence. All three notes were supposedly prepared and signed at the same time. The two notes introduced are not the same forms, bear different dates, different colors of ink, different witness, and different language on how they are filled out.
With this disputed evidence and the questionable nature of the notes, we cannot substitute our judgment on credibility for the trial court's. Assignment of Error II is denied.
 III
Appellant claims the trial court erred in accepting the argument of opposing counsel. We disagree. In her brief at 9, appellant cites to the following finding by the trial court in its June 12, 2000 decision: The more compelling argument is that the defendant would not have given the plaintiff the land in Florida or Zanesville had he still owed his daughter $20,000.00 plus interest, on two outstanding notes.
As we discussed in Assignment of Error I, there was sufficient evidence to substantiate the trial court's conclusions cited supra. Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Reader, V.J. concur.